```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :    CRIMINAL ACTION
                                 :
          v.                     :
                                 :
JENZEN GELIN LIRANZO-BATISTA     :    NO. 12-283
```

ORDER

AND NOW, this 29th day of January, 2015, upon consideration of defendant's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket #20), Government's Motion to Dismiss Defendant's Motion to Vacate, Set Aside or Correct Sentence (Docket #23), the defendant's response, thereto, and defendant's Petition to File the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. 2255 Belated (Docket #26), IT IS HEREBY ORDERED that the government's Motion is GRANTED and, therefore, the defendant's initial Motion under § 2255 is DISMISSED and defendant's petition to file a Motion to Vacate is DENIED. There is no basis for a certificate of appealability.

On June 7, 2012, the defendant was charged in a 1-count indictment with re-entry after deportation. He pleaded guilty to this charge on October 4, 2012. The defendant was sentenced by this Court on January 9, 2013. The Court entered the judgment of the defendant's sentence on January 14, 2013. The defendant did not file a direct appeal from the judgment of sentence. On

November 28, 2014, the defendant filed the pending motion to vacate, set aside or correct his sentence. The Court agrees with the government's argument that the petition is time barred.

Because the defendant did not appeal his conviction and sentence, his conviction became final on January 28, 2013, the fourteenth day following the entry of the judgment of sentencing on January 14, 2013. See Fed.R.App.P. 4(b)(1)(A)(i)(providing that a notice of an appeal in a criminal case must be filed within fourteen days of the defendant's conviction); see also, Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (finding a prisoner's judgment of conviction became final fourteen days after the date on which the time period for filing a notice of appeal expired). Thus, the one-year limitations period in § 2255(f)(1) expired on January 28, 2014, that is, ten months before the defendant filed his § 2255 motion on November 28, 2014.

> 28 U.S.C. § 2255(f) provides:
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4)    the date on which the facts supporting the claim or claims presented could have been discovered through due diligence.

Subsections (2) through (4) do not apply here. Because it was filed almost a year after judgment became final, the motion is untimely under § 2255(f)(1).

Subsection (2) is inapplicable because there is no unconstitutional or illegal government action (and the defendant does not allege otherwise) that prevented the defendant from timely filing his motion. Subsection (3) does not apply because the defendant's claims are based on the alleged ineffectiveness of his trial counsel, and the right to effective representation predates the judgment in this case. See, e.g., Strickland v. Washington, 466 U.S. 668 (1984).

Finally, subsection (4) does not apply because the defendant's claims are not based at all on any recently discovered factual information, and his ineffectiveness claims could have been promptly discovered through due diligence and certainly were known to the defendant or easily discoverable in the year following the judgment now attacked collaterally, and more certainly in the succeeding ten months. Because the one-

year statute of limitations ran from the date of the judgment of sentence became final on January 28, 2013, and not any later date, the motion filed in November 2014 was untimely.

BY THE COURT:


/s/Mary A. McLaughlin_
MARY A. McLAUGHLIN, J.